57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fred JENKINS, Defendant-Appellant.
 No. 94-5354.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendant, Fred Jenkins, appeals from his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He argues that his conviction should be vacated because the prosecution engaged in misconduct at his trial, and because the police investigation that led to his conviction amounted to outrageous governmental conduct. Because none of the allegations of prosecutorial misconduct rise to the level of reversible error, and because this court does not recognize outrageous governmental conduct as a defense to a criminal charge, we affirm defendant's conviction.
 
 I.
 
 2
 The prosecution of defendant stems from his acquisition and subsequent sale of a gun to his acquaintance, Vanessa Bisinger. Bisinger asked defendant, a previously convicted felon, to sell her a gun. Defendant soon obtained a .32 caliber handgun from his friend, Sheila Whaley. Whaley supplied the gun to defendant at the urging of Chattanooga, Tennessee police officer Bobby Rogers. Rogers had learned of defendant's efforts to procure a gun, and had arranged for Whaley to provide him with one as a "sting" operation. After he received the gun from Whaley, defendant delivered it to Bisinger. Rogers witnessed the transfer of the gun from Whaley to defendant, and its subsequent transfer to Bisinger. Rogers then arrested defendant. At trial, all of the witnesses agreed that defendant possessed the gun. It was not disputed that he was a convicted felon.
 
 II.
 
 3
 Defendant first argues that the Assistant United States Attorney (AUSA) engaged in prosecutorial misconduct at his trial. We begin by assessing the conduct to which defendant failed to object.
 
 
 4
 During closing argument, the AUSA, in an apparent effort to rebut the defense argument that Rogers was an unscrupulous police officer, stated, "officer [Rogers] came on the stand and took an oath and basically they want you to call him a liar based on the testimony of a woman [Whaley] that can't even tell you how many times she's been convicted." The AUSA also intimated that evidence beyond that which had been presented undermined Whaley's credibility. In addition, the AUSA stated that he sometimes prosecutes police officers for misconduct and thereby suggested that, since he had not brought charges against Rogers, Rogers must not have done anything wrong. Defendant argues that these statements constituted improper vouching for Rogers' credibility.
 
 
 5
 Defendant next argues that the AUSA improperly referred to facts not in evidence. The AUSA asked Rogers if he had targeted defendant for this "sting" operation. Rogers responded that he had because he had learned that defendant was looking for a gun to buy. The AUSA then asked, "Were there other reasons also for pursuing [the "sting" operation], without going into what those other reasons were?" Rogers responded, "Yes." Defendant contends that this line of inquiry implied that he was involved in extensive criminal activity, when no evidence to that effect had been admitted.
 
 
 6
 Defendant also argues that the AUSA acted improperly in impeaching Whaley. On cross-examination, the AUSA asked Whaley whether she had complained to Rogers' superiors about his conduct. She said that she had. The AUSA asked whether she had retracted her complaints. She responded that she had not, and repeated this denial after the AUSA reminded her that she was under oath. Later, during closing argument, the AUSA alluded to Whaley's criminal past even though no specific evidence of her prior convictions had been presented.
 
 
 7
 Defendant failed to object to any of these actions by the AUSA. When a defendant fails to promptly object to alleged misconduct, we review only to determine if the conduct amounts to plain error. United States v. Young, 470 U.S. 1, 14 (1985); United States v. Blandford, 33 F.3d 685, 709 (6th Cir.1994), cert. denied, 115 S.Ct. 1821 (1995). We will correct "only particularly egregious errors, those errors that seriously affect the fairness, integrity or public reputation of judicial proceedings." Young, 470 U.S. at 15 (internal quotation marks and citations omitted). This standard warrants reversal only in the most exceptional circumstances. United States v. Slone, 833 F.2d 595, 598 (6th Cir.1987).
 
 
 8
 We conclude that none of the AUSA's conduct amounted to plain error. That is not to say that we approve of what may be construed as an effort by the AUSA to vouch for Rogers' credibility. The AUSA's comments relating to Rogers, however, were brief and came in response to a defense attack on Rogers' veracity and professionalism. When viewed in context, the alleged improper vouching was not an "egregious error." With respect to the AUSA's questioning of Rogers about his motivation in investigating defendant, the generic and cryptic question does not amount to plain error, especially in view of Rogers' benign response to it. The cross-examination of Whaley fell far short of plain error, since the questioning merely sought to determine whether she had recanted her allegations that Rogers had engaged in misconduct. Nor was it error--let alone plain error--for the AUSA to refer generally to Whaley's criminal past. The defense referred to her as a "prostitute" during its opening statement, and Whaley, while testifying, admitted to serving jail time for burglary and forgery. The actions described above, even if they can be characterized as improper, were not egregious and did not affect the fairness of defendant's trial, especially in view of the overwhelming evidence presented of his guilt.
 
 
 9
 We next consider the conduct of the AUSA to which defendant timely objected. Our inquiry is whether the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). We do not automatically reverse a conviction for prosecutorial misconduct. "[T]he complained-of conduct will not rise to the level of reversible error, notably if it is not flagrant, where proof of guilt is overwhelming...." United States v. Morrow, 977 F.2d 222, 229 (6th Cir.1992) (en banc) (quoting United States v. Bess, 593 F.2d 749, 757 (6th Cir.1979)), cert. denied, 113 S.Ct. 2969 (1993).
 
 
 10
 Defendant argues that the AUSA acted improperly when he, despite a sustained objection to the line of questioning, asked Bisinger whether anyone had tried to intimidate her to discourage her from testifying truthfully. Bisinger responded that she had "heard hearsay" that "they did not want me to testify." Defendant contends that the inquiry was prejudicial as it tended to cast him in a negative light.
 
 
 11
 Defendant also argues that the AUSA, in his closing argument, improperly appealed to the jury to act as guardians of community values by convicting defendant. The AUSA, to rebut the defense suggestion that Rogers had used questionable investigatory tactics, asked the jurors to imagine themselves in Rogers' position and urged them to "[t]hink about that police officer who's doing his duty and then what your verdict is going to say." The AUSA exhorted the jury to "return a guilty verdict and not send [the defense] a message" that obfuscation with allegations of police misconduct will be rewarded.
 
 
 12
 With respect to the questioning of Bisinger, we discern no misconduct. The AUSA merely sought to elicit testimony that would help the jury assess Bisinger's credibility. With respect to the AUSA's comments in his closing argument, we disapprove of urging a jury to convict a defendant in order to protect community values or to deter future wrongdoing. United Stats v. Solivan, 937 F.2d 1146, 1153 (6th Cir.1991). Although it is arguable that the AUSA's comments amounted to such an appeal, the conduct does not rise to the level of reversible error because overwhelming and uncontroverted evidence established the elements of the offense of being a felon in possession of a firearm. Thus, under the circumstances of this case, even if we were to conclude that the AUSA's comments were improper, we would not reverse defendant's conviction.
 
 III.
 
 13
 Defendant's second major argument on appeal is that the district court erred when it denied his motion for acquittal, which was premised on his contention that Rogers engaged in outrageous governmental conduct during his investigation. Defendant's contention is foreclosed by our recent holding that outrageous governmental conduct is not a defense to a criminal charge. United States v. Tucker, 28 F.3d 1420, 1426-27 (6th Cir.1994), cert. denied, 115 S.Ct. 1426 (1995).
 
 IV.
 
 14
 Because defendant's contentions lack merit, we affirm his conviction.